# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 1042

SOUTHERN SUR. CO. v. SCHMIDT

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1467. Decided Nov. 12, 1926

Judges Pardee, Washburn & Funk, 9th Dist., sitting.

1053. ROADS & HIGHWAYS—Where a surety is bound on performance bond of contractor for road improvement, items of rental, repairs, oil and gas used by a subconrtactor in connection with equipment and trucks is included as a part of the cost price under part of the contract made with the contractor by the subcontractor the same as any other item of cost of delivery of material under said contract; and the surety must pay such subcontractor.

PER CURIAM.

The State highway department entered into a contract with the Gaty Construction Co. for the improvement of a certain road. The Southern Surety Co. being surety on the bond of the Gaty Co.; said bond being conditioned in accordance with the requirements of 2365-1-2-3-4 GC.

Harry Schmidt, d.b.a. the State Construction Co. became a subcontractor of the Gaty Co. and furnished labor and material for a part of said improvement. The State Construction Co. brought suit in the Franklin Common Pleas against the Gaty Co. and the Surety Co. and recovered judgment against both defendants. The Surety Co. prosecuted error and claimed that the contract with the Highway Department provided that the Gaty Co. shall not sublet any of the work without written consent of the director of highways, and failure to procure such consent to the contract with the State Co. renders it void as against the Surety Co. The Court of Appeals held:

1. While there is no direct evidence of a written consent of the director, there is ample evidence of a waiver of said requirement on part of the state highway department, for it knew of the sublettnig, knew that the State Co. was doing the work and gave orders to said company in reference to the work and recognized its status as a subcontractor.

2. Under the record the failure to procure the written consent did not render the contract void as against the surety since the Surety Co. agreed as required in said bond by statute, that any modification, omissions or additions in or to the terms of the contract, "shall not in any wise affect the obligations of said sureties on their bonds."

3. The State Co. it seems was to do all work of pavement at the rate of $2.30 per square yard and if cost of delivery of material for paving ready for mixing should be more than 40 cents per cubic yard, the Gaty Co. should pay any cost in excess of said sum. The work for which 40 cents was allowed cost much more than that sum and the State Co. recovered against the Surety Co. for such excess.

4. The Surety Co. contends that the guarantee that such work should not cost more than said amount, does not bind the surety on the performance bond of the Gaty Co. to pay the State Co. such excess cost.

5. There is no claim that this cost was excessive or that there was any fraud or collusion. The bond was given not only to secure the performance of the work but to guarantee that those who in good faith and by virtue of the contract with the Gaty Co., furnished material and work for said improvement, should be paid therefor.

6. Under the statute, the bond provided a sum to take the place of property against which, under other circumstances, a lien could be claimed by those furnishing labor and material.

7. The Surety Co. guaranteed up to the amount of the bond that such improvement would be made and that if certain requirements were observed, the improvement would be paid for, whatever it honestly and fairly cost; and there is no claim that the cost of making the improvement was more than the reasonable value of materials furnished and work done.

8. Therefore items of equipment rental, repairs, gas and oil having been furnished by the State Construction Co. under its contract were properly included as a part of the cost price

under said contract of that part of the improvement made by said company, the same as any other item of cost of delivery of material to the mixer.

Judgment therefore affirmed.

(Pardee, PJ., Washburn & Funk, JJ., concur.)

Attorneys—Atkinson, Smith & Hogan for Surety Co.; Barton Griffith & John A. Connor for Schmidt; all of Columbus.